**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 14 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAMUEL ROBINSON, | No. 16-16892 |
| Plaintiff-Appellant, | D.C. No. 1:14-cv-01525-DAD-JLT |
| v. | |
| VICTOR KITT, Doctor; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Samuel Robinson, a California state prisoner, appeals pro se from the district

court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs and negligence.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We affirm.

The district court properly dismissed Robinson's deliberate indifference claim because Robinson failed to allege facts sufficient to show that defendants were deliberately indifferent to his vision problems. *See Toguchi v. Chung*, 391 F.3d 1051, 1057-60 (9th Cir. 2004) (a prison official acts with deliberate indifference only if he or she knows of and disregards an excessive risk to the prisoner's health; negligence and a mere difference in medical opinion are insufficient to establish deliberate indifference). Contrary to Robinson's contention, the district court did not err in dismissing defendant Kitt even though he was not a party to the motion to dismiss. *See* 28 U.S.C. § 1915(e)(2) (in proceedings in forma pauperis the district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim . . . .").

The district court properly dismissed Robinson's negligence claim because Robinson failed to allege facts sufficient to show that he timely filed his complaint as required by the California Tort Claims Act. *See* Cal. Gov. Code § 945.6(a)(1) (requiring "any suit brought against a public entity" be commenced not later than six months after the public entity rejects the claim). We do not consider Robinson's arguments that the time to file was tolled because of his disability or that the continuing violation doctrine applies because Robinson fails to point to

anywhere in the district court record where this issue was raised, and we found no place where this issue was raised. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (we do not consider arguments and allegations raised for the first time on appeal).

The district court did not abuse its discretion by denying Robinson leave to file a third amended complaint after providing him with two opportunities to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend should be given unless amendment would be futile); *Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (a district court's discretion to deny leave to amend is particularly broad when it has afforded plaintiff one or more opportunities to amend).

We reject as meritless Robinson's contention that the magistrate judge abandoned her neutral role in ruling on the motion to dismiss.

Robinson's motion for relief (Docket Entry No. 29) is denied. This court previously received and filed Robinson's reply brief.

**AFFIRMED.**

16-16892